IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MALISSA BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:22-CV-520-ECM-KFP |
| | ) | |
| SAM'S CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss (Doc. 9) seeking to dismiss Plaintiff's wrongful termination and retaliation claims.[1] Upon consideration of the motion, Plaintiff's response (Doc. 14), Defendant's reply (Doc. 15), and applicable case law, the undersigned Magistrate Judge RECOMMENDS that the motion be GRANTED and that this case be referred back to the Magistrate Judge to proceed on Plaintiff's reasonable accommodation claim.

## I.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

---

[1] Plaintiff's Complaint alleges Defendant refused to allow her to be off on Sundays as a reasonable accommodation to practice her religion. The Complaint also uses the terms "wrongfully terminated" and "retaliated against." Doc. 1 at 1–3. Thus, Defendant interpreted the Complaint to assert wrongful termination and retaliation claims, and those two claims are the subject of Defendant's motion. Defendant has not moved to dismiss Plaintiff's reasonable accommodation claim.

556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

Finally, when considering a pro se litigant's allegations, a court holds him to a more lenient standard than that of an attorney. *Barnett v. Lightner*, No. 13-CV-0482-CG-C, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). A court also cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal,* 566 U.S. at 663). Moreover, a pro se litigant "is subject to the relevant

law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## II.    PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff is a former Walmart employee and also a Christian minister.[2] Doc. 1 at 1. When initially hired as a cashier in July 2018, she asked for Sundays off to practice her religion, and her request was granted. Doc. 1-1 at 3. Her off days were Sunday and Monday. Doc. 1 at 2. In February 2021, she was told that "corporate was changing the way things were done," and, as a result, she would be required to work on Sundays and Mondays and be off on Fridays. Doc. 1-1 at 3. All of the employees who would be affected by this new policy were called to the office to discuss the change. Doc. 1 at 2.

That same month, Plaintiff completed a new availability form indicating that she was available to work Monday through Saturday but could not work Sundays for religious reasons. *Id*. In response, an assistant manager told Plaintiff she would become a part-time employee if she could not work on Sundays; therefore, she could have Sundays off, but she would lose benefits. *Id*. Plaintiff was also told she could apply for another position in the store, but, when Plaintiff did so, she noticed that "open availability" was now a requirement for all positions. *Id*. Plaintiff applied for several positions but never received an interview.

---

[2] A court reviewing a motion to dismiss must typically limit its consideration to the complaint and any attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Plaintiff attached a copy of her EEOC charge to her Complaint, and the Court has taken some of the facts in this section from the EEOC charge. In contrast, Plaintiff submitted a number of exhibits with her response to the Motion to Dismiss. Those exhibits are not properly before the Court at this motion-to-dismiss stage. Unless a plaintiff can show additional documents are incorporated into the complaint by reference, they are not considered on a motion to dismiss. Here, there is no such showing. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (stating that exhibit may be incorporated by reference into complaint  and considered on motion to dismiss where (1) it is central to the plaintiff's claim, (2) its contents were alleged in the complaint, and (3) no party questions those contents).

*Id*. In April 2021, Plaintiff filed an "ethics complaint," but the Defendant never responded. Doc. 1-1 at 2.

Because Plaintiff was being scheduled to work on Sundays, she had to "call off" every Sunday, which caused her to use all of her paid time off. *Id*. She then began to accumulate attendance points. *Id*. At one point she noticed that she had nine attendance points, but the next day she had only four points. *Id*. The following day, she had five points, which was grounds for termination. *Id*. Plaintiff complained to the store manager that her points were changing in the system, and he said he would investigate. *Id*. On May 5, the assistant manager told Plaintiff she had *removed* some of Plaintiff's attendance points in the system to help Plaintiff, but, because she had gotten in trouble for doing so, she could not do it again even though Plaintiff was her best cashier. Plaintiff was terminated at that time. *Id*.

This changing of attendance points by the assistant manager is the basis of Plaintiff's wrongful termination claim. Plaintiff asserts the points were "manipulated" and that the dates added back into the system were absences for which she had received management approval and been paid. Doc. 1 at 3. For her retaliation claim, she alleges that people sometimes would not speak to her, they would walk past her "like [she was] not even standing there," and some employees deleted her as a friend on Facebook immediately after she was terminated. *Id*.

## III.   DISCUSSION

### A.   Wrongful Termination Claim

The Supreme Court has been clear that the pleading requirements for establishing a prima facie case under *McDonnell Douglas* do not apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). To state a Title VII discrimination claim, a complaint need only allege enough facts, taken as true, to suggest intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citations omitted). Consistent with *Twombly* and *Iqbal*, the focus at the motion-to-dismiss stage is whether the complaint plausibly suggests intentional discrimination. *Id.*

Nonetheless, the "traditional methods of proving Title VII claims remain relevant, as 'helpful guide[s] to the determination of the issue.'" *Jaffe v. Birmingham Gastroenterology Assocs., P.C.*, No. 2:20-CV-1821-KOB, 2021 WL 4220356, at *2 (N.D. Ala. Sept. 16, 2021) (citations omitted). The Eleventh Circuit recognizes three methods of proof for these claims: direct evidence of discrimination, the *McDonnell Douglas* framework, and a "convincing mosaic" of circumstantial evidence. *Id.* (citing *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)). When analyzing Title VII claims, a court must be mindful that "the key question is whether the 'factual allegations of a complaint plausibly suggest . . . intentional discrimination,' rather than whether [the plaintiff] has met every element of her final burden of proof at this early stage." *Id.* (citing *Surtain*, 789 F.3d at 1246).

In this case, the Complaint makes no suggestion Plaintiff is relying on direct evidence, and there are no allegations suggesting the existence of a comparator outside Plaintiff's class,[3] so the Court will assess the Complaint under the convincing mosaic standard. This standard requires a plaintiff to demonstrate, "among other things, (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Jaffe,* 2021 WL 4220356, at *4 (citing *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019) (citation and internal quotations omitted)). The evidence must lead to the "unavoidable inference" of intentional discrimination. *Id.* (citing *Smith*, 644 F.3d at 1346).

Here, Plaintiff claims her termination was wrongful because it was the result of a points "manipulation" in the system where her absences were documented. However, she admits that, because of corporate changes requiring her to work on Sundays, she used all her paid time off and then began accumulating absence points when she would miss work on Sundays. She also admits that she had nine points in the system before noticing her

---

[3] The *McDonnell Douglas* framework requires a plaintiff to establish a prima facie case showing (1) membership in a protected group, (2) qualification for the job, (3) an adverse employment action, and (4) either replacement by or less favorable treatment than a similarly situated individual outside the plaintiff's protected class. *Jaffe,* 2021 WL 4220356, at *2–3 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1226 (11th Cir. 2019)). The Eleventh Circuit has stated that "alleging a comparator is the key to a finding of discrimination because it shows whether the employer has 'treat[ed] *like* cases differently.'" *Id.* (citing *Lewis*, 934 F.3d at 1222). Further, "[a]lthough a plaintiff is not required to allege a prima facie case at the motion to dismiss stage, alleging a comparator outside the plaintiff's class is a common thread among those discrimination claims that survive a motion to dismiss." *Id.* (citing *Swierkiewicz*, 534 U.S at 514 (denying motion to dismiss where plaintiff pleaded a comparator outside his protected class); *McCurdy v. State of Ala. Disability Determination Serv.*, No. 2:13-CV-934-MHT, 2015 WL 5737103 at *13 (N.D. Ala. Sept. 30, 2015) (same); *Groce v. Franklin Cnty. Comm'n*, No. 3:13-CV-1769-HGD, 2014 WL 3543700 at *3 (N.D. Ala. July 17, 2014) (same); *Powell v. Harsco Metal*, No. 2:12-CV-4080-VEH, 2013 WL 3242759 at *6 (N.D. Ala. June 20, 2013) (same)).

points had been changed to four points one day and five points the next. She further admits that her assistant manager was the one who lowered Plaintiff's points, that she did it to help Plaintiff, and that she got in trouble for doing so. Even if the assistant manager put the wrong dates back in after trying to help Plaintiff, based on the allegations in the Complaint, Plaintiff had nine points before the assistant manager lowered the points. And as Plaintiff concedes, having five absence points was grounds for termination.

Plaintiff's Complaint does not allege that her attendance points were changed in order to terminate her because of her religion. It contains no allegations of suspicious timing, ambiguous statements, or any other facts suggesting Plaintiff was targeted because of her religion. Plaintiff makes no allegations that any employee, outside or inside her protected religious class, was treated differently than she was. To the contrary, she concedes that the initial change to her schedule was the result of a corporate-wide change and that other employees were affected by this change. Doc. 1 at 2. The Complaint also contains no allegation that the assistant manager's explanation for changing her points was pretextual. Indeed, the manner in which the points were changed, by decreasing them instead of increasing them, belies such an inference.

While "the 'convincing mosaic' method of proof can be a fallback for plaintiffs who fail to allege a similarly situated comparator under *McDonnell Douglas*," "to fill that gap, plaintiffs must provide much circumstantial evidence." *Jaffe*, 2021 WL 4220356, at *4. Plaintiff's allegations of a wrongful termination fall far short of this requirement. Assuming all of Plaintiff's allegations are true, it appears that not even Plaintiff speculates that her termination was wrongful because of intentional religious discrimination. Instead, she

believes it was "wrongful" because it was based on wrong dates being added back into the system after an assistant manager tried lowering Plaintiff's attendance points. Because Plaintiff fails to allege any facts that plausibly suggest that intentional discrimination was the reason for her termination, this claim is due to be dismissed for failure to state a claim on which relief can be granted.

### B.      Retaliation Claim

Plaintiff's retaliation claim is also due to be dismissed. In describing the alleged retaliation against her, Plaintiff asserts the following:

> Retaliated against – sometimes wouldn't speak walk pass like not even standing there, also was friends with alot of the employees on facebook but was deleted [redaction] immediately following terminated.[4]

Doc. 1 at 3. As the Court will explain, even if this conduct occurred in retaliation for Plaintiff's having engaged in some protected activity, it does not rise to the level of retaliatory conduct prohibited by Title VII.

To establish a Title VII retaliation claim, Plaintiff must show that she engaged in statutorily protected activity, she suffered a materially adverse action, and there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). "We construe the causal link element broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely

---

[4] Plaintiff does not identify the people who would not speak to her, the people who walked by without speaking, or the employees who deleted her on social media. Nevertheless, for the purposes of resolving Defendant's motion, the Court will assume they are Plaintiff's former supervisors or coworkers.

unrelated." *Id.* at 1278 (internal quotation marks omitted). The conduct Plaintiff describes in her Complaint does not constitute a materially adverse action.

A "materially adverse action" under Title VII is conduct significant enough to dissuade a reasonable person from exercising the statutory right to engage in protected conduct. *Burlington,* 548 U.S. at 68. This "materially adverse" requirement is "important to separate significant from trivial harms." *Id.* As our courts have stated, Title VII is not "a general civility code for the American workplace." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Title VII does not "immunize [an] employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* (citation omitted). "The antiretaliation provision [prohibits] employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' . . . [and] normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.* (citation omitted).

The conduct described by Plaintiff in her retaliation claim amounts to no more than a minor annoyance caused by a lack of good manners. Therefore, even if the conduct caused hurt feelings, it is not actionable under Title VII. *See, e.g., Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 547 (11th Cir. 2010) (finding that disallowing overtime was not materially adverse, requiring plaintiff to drive to Dothan to receive a reprimand was at most a minor annoyance, and ignoring his telephone calls when he was ill at work was at most a petty slight); *Freeman v. Koch Foods of Alabama*, 777 F. Supp. 2d 1264, 1286–87 (M.D. Ala. 2011) (finding coworkers' decision to "snub" plaintiff to be "trivial action" and not

an adverse employment action). Accordingly, Plaintiff's retaliation claim is due to be dismissed for failure to state a claim on which relief can be granted.

## IV.   CONCLUSION

For the reasons outlined above, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss (Doc. 9) be GRANTED, that Plaintiff's wrongful termination and retaliation claims be dismissed without prejudice, and that this case be referred back to the Magistrate Judge to move forward on Plaintiff's claim of failure to provide a reasonable accommodation.

The Court acknowledges that a pro se litigant should generally be given at least once chance to amend before dismissal, but a court need not grant leave to amend where amendment would be futile. *Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), and *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). While Plaintiff has adequately pleaded a claim for failure to provide a reasonable accommodation and should have an opportunity to move forward on that claim, it appears that an amendment to assert a claim of wrongful termination based on discrimination or to assert a claim of retaliation—based on the allegations in the Complaint, including those in her EEOC charge—would be futile.[5] The conduct Plaintiff describes is simply not actionable under Title VII.

---

[5] In her response, Plaintiff asks for "a fair trial [against Defendant] and [a]mend . . . to reconsider 'the motion to dismiss[.]'" Doc. 14 at 17. This is not a proper request for leave to amend, and, as noted, amendment here would be futile. Additionally indicative of the futility of an amendment is Plaintiff's explanation in her response that she mistakenly recorded an incorrect date (Saturday, March 27) when entering her time off. When she realized her mistake she asked if she could change it, but Plaintiff was told

**However, as stated below, Plaintiff will have 14 days to object to this Recommendation. If Plaintiff wishes to amend because she omitted facts from her Complaint, she may file an objection to this Recommendation and request leave to amend in her objection.**

It is ORDERED that by **January 5, 2024,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 22nd day of December, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

it was too late. She claims some of the paid time off that was applied, due to her mistake, to March 27 should have been applied to Friday, March 26, which would have taken away the point she was assigned for March 26. Thus, even if these facts were pleaded in an amended complaint, it would not support a plausible claim. Instead, these facts, if credited, would confirm at least one additional nondiscriminatory explanation for the point accumulation—assignment of points due to plaintiff's mistake. Additionally, these facts, if presented in an amended pleading, would show not all of Plaintiff's absences were on Sundays.