IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MALISSA BOWMAN, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 3:22-cv-520-ECM |
| | )  [WO] |
| SAM'S CLUB, | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Malissa Bowman filed this employment action *pro se* against Defendant Sam's Club, asserting claims of wrongful termination, retaliation, and failure to provide a reasonable accommodation. (Doc. 1). On December 22, 2023, the Magistrate Judge entered a Recommendation that the Defendant's motion to dismiss (doc. 9) be granted, that the Plaintiff's wrongful termination and retaliation claims be dismissed without prejudice, and that this case be referred back to the Magistrate Judge for further proceedings on the Plaintiff's failure to accommodate claim. (Doc. 16). The Recommendation further provides that "[i]f Plaintiff wishes to amend because she omitted facts from her Complaint, she may file an objection to the Recommendation and request leave to amend in her objection." (*Id.* at 11) (emphasis omitted).

On January 5, 2024, the Plaintiff filed a document entitled "Answering to Dismiss Claim Retaliation & Wrongful Termination," (doc. 17), which the Court construes as objections to the Recommendation. After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court

concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the Defendant's motion to dismiss is due to be granted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

In her objections, the Plaintiff does not identify any error committed by the Magistrate Judge but instead reiterates the claims and factual assertions contained in her complaint. The Plaintiff's general objections are reviewed for clear error and are due to be overruled.

Additionally, the Plaintiff requests permission to amend her complaint because she

2

failed to include "additional facts to [her] complaint that will help all parties as well as the courts understand[] [her] claims against defendant." (Doc. 17 at 3). For example, she contends that she previously used the phrase "manipulated the system" when she should have said "dishonestly, deceptive, falsely, or making it look different then [sic] the truth." (*Id.*). Additionally, the Plaintiff appears to assert a fraud claim against the Defendant. (*See id.* at 6).

Although leave to amend should be freely given when "justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave to amend if the amendment would be futile, *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Upon review of the Plaintiff's objections, the additional facts offered by the Plaintiff are insufficient to alter the Magistrate Judge's finding that the Plaintiff failed to plausibly allege that intentional discrimination based on religion was the reason for the Plaintiff's termination, or the finding that the Plaintiff failed to plausibly allege a retaliation claim. Moreover, the Plaintiff's proffered allegations concerning fraud are insufficient to state a plausible claim under Alabama law. *See Kidder v. AmSouth Bank, N.A.*, 639 So. 2d 1361, 1362 (Ala. 1994) ("The elements of actionable fraud based upon a misrepresentation are: 1) a duty to speak the truth; 2) a false representation of a material existing fact made intentionally, recklessly, or innocently; 3) action upon the false representation by the plaintiff; and 4) loss, harm, or damage proximately resulting from the false representation."). The Court concludes that the

complaint as amended would still be properly dismissed, and thus granting leave to amend would be futile. Consequently, the Plaintiff's request for leave to amend is denied. *See Cockrell*, 510 F.3d at 1310. The Plaintiff's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 17) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 16) is ADOPTED;

3. The Defendant's motion to dismiss (doc. 9) is GRANTED;

4. The Plaintiff's wrongful termination and retaliation claims are DISMISSED WITHOUT PREJUDICE;

5. This case is REFERRED back to the Magistrate Judge for further proceedings regarding the Plaintiff's reasonable accommodation claim.

DONE this 13th day of February, 2024.

        /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE