IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MALISSA BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-cv-520-ECM |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On March 11, 2025, the Magistrate Judge entered a Recommendation that Defendant Sam's East, Inc.'s ("Sam's") motion for summary judgment (doc. 34) be granted. (Doc. 41). Plaintiff Malissa Bowman ("Bowman") timely filed objections to the Recommendation. (Doc. 42).[1] After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Bowman's objections, the Court concludes that Bowman's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and Sam's motion for summary judgment is due to be granted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter

---

[1] On March 31, 2025, Sam's filed a response to Bowman's objections. (Doc. 43). While not styled as objections, Sam's submission reflects disagreement with some of the Recommendation's findings. (*See, e.g.*, *id.* at 3–5 (disagreeing with the Recommendation's finding that Sam's failed to assist Bowman's application process)). To the extent Sam's intended its submission to operate as objections, they are untimely and therefore due to be overruled.

to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the Magistrate Judge's Recommendation, Bowman's objections, and the entire record. The Court finds that Bowman has not raised any specific objections to the Magistrate Judge's findings or conclusions. While she asks that summary judgment not be granted and that she be given a fair trial, she does not identify any error in the Recommendation. To the extent Bowman makes legal arguments, those arguments are related to issues which the Magistrate Judge found did *not* support summary judgment in favor of Sam's. (*See, e.g.*, doc. 42 at 8 (stating that Sam's never offered her assistance to obtain other positions); *see also* doc. 41 at 14 (finding that Sam's offer to transfer was not a reasonable accommodation because the record did not show that the transfer offer was coupled with any offer of assistance or affirmative conduct by Sam's)). Moreover, Bowman's complaints about perceived misconduct by Sam's counsel do not, on this record, bear on whether Sam's is entitled to summary judgment. After careful review, the Court concludes that Bowman's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Bowman's objections (doc. 42) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 41) is ADOPTED;

3. Sam's motion for summary judgment (doc. 34) is GRANTED, and this case is DISMISSED with prejudice;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 26th day of June, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE